

Jaime Reborn
Pro Se
209 Settlers Glen Trail, Arlington, TX 76002
817-793-9886
jaimereborn@yahoo.com

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **JAIME REBORN** | ) **Case No.: 4-23CV-613-0** |
| | ) |
| Plaintiff(s), | ) |
| | ) **VIOLATION OF SECTION 504 OF THE** |
| vs. | ) **1973 REHABILITATION ACT:** |
| | ) |
| **UNIVERSITY OF NORTH TEXAS,** | ) |
| | ) **PLAINTIFF'S NOTICE OF** |
| | ) **CLARIFICATION TO COURT** |
| | ) **REGARDING DEFENDANT'S MOTION** |
| Defendant(s). | ) **TO CONTINUE TRIAL** |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## NOTICE OF CLARIFICATION
### REGARDING DEFENDANT'S MOTION TO CONTINUE TRIAL

COMES NOW Plaintiff, **Jaime Reborn**, proceeding pro se, respectfully submits this **Notice of Clarification to Court Regarding Defendant's Motion to Continue Trial** which is in reaction to **Defendant's Unopposed Motion to Continue Trial** which Defendant filed on July 25, 2025 (Dkt. 88).

Defendant's characterization of the motion as "unopposed" is premature and unfounded. The term "unopposed" implies that Plaintiff had already made a final and informed decision not to challenge the motion. However, at the time Defendant filed the motion, Plaintiff had not yet been

- 1 -
**PLAINTIFF'S NOTICE OF CLARIFICATION TO COURT**
**REGARDING DEFENDANT'S MOTION TO CONTINUE TRIAL**

provided a copy, nor had Plaintiff even been made aware of its contents. It is not logically sound to claim something is unopposed when there was nothing to oppose, and no opportunity for meaningful review. Even assuming a general verbal agreement had occurred (which Plaintiff does not concede), no such agreement can reasonably be considered final or binding without a written version of the motion to confirm the accuracy of its contents and scope. Verbal summaries of legal filings can be incomplete or contain inadvertent errors, and the only way a party, especially a pro se litigant, can assess whether to oppose or support a motion is by reviewing it in its final written form. Plaintiff had no opportunity to do so prior to the filing.

While Defendant has represented that Plaintiff "takes no position" and that the motion is therefore "unopposed," Plaintiff respectfully clarifies and states as follows:

1. Plaintiff was contacted by opposing counsel approximately 2–3 days prior to July 24, 2025, but due to scheduling difficulties, the parties did not speak verbally until July 25, 2025, after the deadline for coordinating joint filings pursuant to the Court's Scheduling Order (Dkt. 48).

2. Plaintiff went into the telephonic meeting with the understanding that the communication from Defendant's counsel was intended to fulfill the Court-ordered obligation to coordinate joint pretrial submissions, including the Joint Final Pretrial Order, deposition designations, and other filings listed in the Scheduling Order. At no time was Plaintiff advised in advance of the telephonic meeting that the Defendant intended to file a unilateral motion to continue the trial or that there was to be a conversation of such during the telephonic conference.

3. Plaintiff did not receive a written or electronic copy of the Motion prior to its filing on July 25, 2025. Plaintiff only became aware of the existence and content of the motion after locating it independently on the docket.

- 2 -
**PLAINTIFF'S NOTICE OF CLARIFICATION TO COURT REGARDING DEFENDANT'S MOTION TO CONTINUE TRIAL**

4.  As a pro se litigant who is not a licensed attorney, Plaintiff was not in a position to give a legal opinion, or to oppose or consent to a motion that he had not seen or reviewed. The conversation on July 25 did not include disclosure of the motion's contents, and Defendant's counsel did not provide a copy during or after that conversation.

5.  Accordingly, Defendant's characterization of the motion as "unopposed" is premature and misleading, as Plaintiff had not been given an opportunity to see the filing and was unaware it would be submitted that day. The Defendant should not have prefaced the motion as "unopposed" when no copy had been shared with Plaintiff for review.

6.  Plaintiff's position should be more accurately understood as "unopposed at this time", pending full review of the filing. Plaintiff reserves the right to file a substantive response or objection after further consideration of the legal and procedural implications.

7.  Plaintiff files this Notice in good faith to ensure the record accurately reflects the context of the parties' communication and Plaintiff's position regarding the Defendant's motion.

8.  Plaintiff had every intention of complying with the Court's instructions and deadlines as set forth in the Scheduling Order, and has made every effort to do so in good faith. As a non-lawyer and unrepresented party, Plaintiff relied on clear expectations from the Court and anticipated that defense counsel would act consistently with those obligations, particularly in regard to coordinating joint filings. Plaintiff could only respond after the fact to Defendant's decision to unilaterally file a motion to delay the proceedings, which was neither previewed nor shared in writing beforehand. Plaintiff's response has necessarily been reactive due to the manner in which Defendant chose to proceed.

9.  Plaintiff, again, would like to make it clear to the Court that the Plaintiff, at timing of this writing, was not served with the **Defendant's Unopposed Motion to Continue Trial** in the manner agreed upon by the parties in this matter.

- 3 -

**PLAINTIFF'S NOTICE OF CLARIFICATION TO COURT
REGARDING DEFENDANT'S MOTION TO CONTINUE TRIAL**

1

2 | DATED: July 31, 2025

3

**Respectfully submitted,**

_Jaime Reborn_

Name Printed

_[signature]_

Provide Signature (In Pro Se)

- 4 -

**PLAINTIFF'S NOTICE OF CLARIFICATION TO COURT**
**REGARDING DEFENDANT'S MOTION TO CONTINUE TRIAL**



## CERTIFICATE OF SERVICE

As required by Texas Rule of Appellate Procedure 6.3 and 9.5(b), (d), (e), I certify that I, Plaintiff, Jaime Reborn, have served this document, regarding **Case No.: 4-23CV-613-0,** for the following documents: **Notice of Clarification to Court Regarding Defendant's Motion to Continue Trial** on all other parties which are listed below on, July 31st, 2025, as follows:

Kyle Argenbright
General Litigation Division
209 W. 14th St., 6th Floor
Austin, TX 78701
kyle.argenbright@oag.texas.gov

In Lieu Of: University Of North Texas
1155 Union Circle, Denton, TX 76203-5017
Att: Legal Department of the University of North Texas

By (check all that apply)

**X** Regular mail
**X** email with delivery and/or read receipt(s)

_____
[Signature of certifying attorney or pro se party]

7-31-2025
_____
[Date]

**NOTES:** Pursuant to Texas Rule of Appellate Procedure 6.3, a party's lead counsel must be served. Service on other attorneys for that party is optional, but must be listed above if they are served. Pursuant to Texas Rule of Appellate Procedure 52.7(c), the record must be served on each party in an original proceeding.